# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **MAURICE RIDLEY,** <br><br> Defendant**.** | Case No. 7:20-CR-29 (HL) |

## ORDER OF COMMITMENT

This case came before the Court on October 19, 2022, to address the matter of Defendant Maurice Ridley's competency and the need for further evaluation of his mental health condition. At the conclusion of the hearing, the Court ordered Defendant committed to the custody of the Attorney General for treatment and evaluation in a suitable facility. This Order confirms the Court's oral ruling.

On August 11, 2020, a grand jury in this district returned a two-count indictment charging Defendant with Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and Possession of a Firearm with an Obliterated Serial Number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B). (Doc. 1). Defendant made his initial appearance and entered a plea of not guilty on January 6, 2021. The Court ordered Defendant temporarily detained. (Doc. 8). Following a detention hearing on January 8, 2021, the Court

1

released Defendant to the care of his mother on a $15,000.00 unsecured bond. (Doc. 21). Defendant has remained on pretrial release since that time.

On April 26, 2022, finding reasonable cause to believe Defendant may be mentally incapable of standing trial, the Court authorized funds requested by Defendant's attorney for the professional services of Dr. Lee Hudson, a licensed psychologist. (Doc. 62). Dr. Hudson met with Defendant on May 25, 2022. Dr. Hudson reached the conclusion that while Defendant articulated a rational appreciation for the charges pending against him and the potential penalties for his actions, that understanding is overshadowed by persistent grandiose and paranoid delusions that render Defendant incompetent to understand the nature and consequences of these proceedings and to assist in his defense. (Doc. 69). Defense counsel consequently filed a motion requesting the Court conduct a hearing to determine Defendant's competency to stand trial. (Doc. 66).

The Court conducted a telephone conference on August 24, 2022, to discuss Defendant's request for a competency hearing. (Doc. 67). During that conference, counsel for the Government acknowledged Dr. Hudson's report and indicated that the Government did not contest Dr. Hudson's conclusions. The Court scheduled a competency hearing for September 20, 2022. The Government then moved pursuant to 18 U.S.C. § 4241(a) and (b) for the Court to require Defendant undergo a separate psychological or psychiatric evaluation by the Bureau of

Prisons to determine Defendant's competency to proceed with this case. (Doc. 70). The Court canceled the hearing and found pursuant to 18 U.S.C. § 4241(b) and § 4247(b) that Defendant should be committed to the custody of the United States Attorney General for a reasonable period of time, not to exceed thirty (30) days, in a suitable facility, as close to the Court as practicable, for evaluation by at least one licensed or certified psychiatrist or psychologist. (Doc. 71).

Defendant moved the Court to reconsider the Order of Commitment. (Doc. 75). Defendant argued the evaluation should be conducted in the least restrictive means possible and suggested the evaluation should take place on an outpatient basis or at a local hospital in close proximity to Defendant's home. The Court granted Defendant's motion for reconsideration and scheduled a hearing for the Government to offer evidence establishing a compelling government interest requiring that Defendant's evaluation be conducted pursuant to a custodial commitment rather than on an outpatient basis.

The parties appeared before the Court on October 19, 2022. During the hearing, the Government conceded that Defendant is presently suffering from a mental disease or defect that renders him mentally incompetent to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Accordingly, neither a competency hearing nor a second competency determination is necessary. Defendant's Motion to Determine Competency (Doc.

66) is therefore **DENIED as moot**. The question now before the Court is whether Defendant can attain competency to permit these proceedings to go forward.

Section 4241(d) provides:

> If . . . the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General . . . for treatment in a suitable facility.

18 U.S.C. § 4241(d). Contrary to Defendant's argument, § 4241(d) provides the Court no discretion to determine whether the evaluation can occur on a noncustodial basis. The law mandates the Court commit Defendant to the custody of the Attorney General.

The Court hereby finds by a preponderance of the evidence that Defendant presently suffers from a mental disease or defect that renders him incompetent to appreciate the nature and consequences of these proceedings or to assist in his defense effectively. The Court accordingly **ORDERS**:

(1)  Defendant be committed to the custody of the Attorney General for hospitalization and treatment in a suitable facility.[1] Pursuant to 18 U.S.C.

---

[1] The Government confirmed Defendant shall be committed to the Federal Detention Center in Miami, Florida. The Bureau of Prisons will notify Defendant when he should report. At that time, if Defendant is unable to self-report, the Justice Prisoner Alien Transportation System will arrange Defendant's transport to Miami.

§ 4241(d)(1), Defendant shall be hospitalized for a reasonable period of time, not to exceed four months, to determine whether there is a substantial probability that he will attain capacity in the foreseeable future so that these proceedings may move forward. Any extended period of confinement will require a finding that there is a substantial probability that Defendant will attain capacity within any additional time period. 18 U.S.C. § 4241(d)(2).

(2)     Once the director of the facility in which Defendant is hospitalized determines Defendant has recovered to the extent he is able to appreciate the nature and consequences of the proceedings against him and to assist in his defense, the director shall promptly file a certificate to that effect with the Clerk of Court. 18 U.S.C. § 4241(e). The examiners designated to conduct and facilitate Defendant's treatment are further **ORDERED** to prepare and file a written psychological report summarizing the course of Defendant's treatment and the examiners' findings, opinions, and conclusions regarding Defendant's attainment of competency to proceed with this case.

(3)     Upon receiving the certificate and report, the Clerk of Court shall send a copy to Defendant's counsel and counsel for the Government. The Court then shall hold a hearing pursuant to 18 U.S.C. § 4247(d) to determine the competency of Defendant. Following the hearing, if the Court finds by a preponderance of the evidence that Defendant has recovered sufficiently to understand the nature and

consequences of the proceedings and to assist properly in his defense, the Court then shall order Defendant's immediate discharge from the facility in which he is hospitalized and shall set a date for trial or other disposition of the case.

(4)     If it is found that Defendant's mental health condition has not improved as to permit the proceedings to progress, Defendant is subject to the provisions of 18 U.S.C. §§ 4246 and 4248.

**SO ORDERED**, this the 26th day of October, 2022.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks