# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:20-CR-29 (WLS-TQL) |
| | : | |
| MAURICE A. RIDLEY, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

During the trial in the above-captioned case the Court held a hearing on a motion *in limine* on May 13, 2024, on the Government's objection to Defendant's enquiry into Officer Freddie Williams ("Officer Williams") personnel record. Officer Williams was a Government witness. The Court issued a decision from the bench sustaining the Government's objection the next day. This Order memorializes that hearing and subsequent decision.

Before Defendant Maurice A. Ridley's ("Defendant"), cross-examination of Officer Williams, the Government objected to the inclusion of Officer Williams personnel record. However, Defendant contended that he should be allowed to inquire into the personnel record on cross-examination under Fed R. of Evid. 608(b). "Subject to the Sixth Amendment, the district court has the discretionary authority to limit cross-examination." *United States v. Beale*, 921 F.2d 1412, 1424 (11th Cir. 2008). And under Fed R. of of Evid. 608(b), the Court may allow specific instances of conduct to be inquired into on cross-examination "if they are probative of the character for truthfulness or untruthfulness of . . . the witness[.]" Fed R. of Evid. 608(b).

The Court heard arguments from both Parties. Having considered the arguments on the Record, the Court finds that the personnel history that Defendant seeks to inquire into is not probative of the truthfulness or untruthfulness of Officer Williams. The matter to be inquired into was Officer Williams's alleged socializing with prohibited individuals. The Officer contested the disciplinary action. Additionally, the Court finds that the exclusion of such testimony does not meaningfully limit Defendants' Sixth Amendment right to cross-examine the Government's witness. *See United States v. Novaton*, 271 F.3d 968, 1006 (11th Cir.

2001) (citing *Untied States v. Diaz*, 26 F.3d 1533, 1540 (11th Cir. 1994) ("A defendant is only entitled to cross-examine a witness if 'the information sought to be elicited is relevant'" (internal quotations omitted)).

      Accordingly, the Government's objection is **SUSTAINED**.


      **SO ORDERED**, this 16th day of May 2024.

                    **/s/ W. Louis Sands**
                    **W. LOUIS SANDS, SR. JUDGE**
                    **UNITED STATES DISTRICT COURT**